UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON D. YOUNKER,

    Plaintiff,

    v.

    Civil Action 2:13-cv-1116
    Judge Gregory L. Frost
    Magistrate Judge Elizabeth P. Deavers

GARY MOHR, *et al.,*

    Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Aaron D. Younker, an Ohio resident and former inmate of the Chillicothe Correctional Institution ("CCI") who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendants Stuart Hudson, Chief of the Bureau of Medical Services ("Hudson"), and Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("Mohr"), alleging Defendants violated his constitutional rights in failing to provide him with adequate medical care. He sues Defendants in both their individual and official capacities. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 3.) The Motion is **GRANTED**. Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

According to Plaintiff's Complaint, he underwent surgery to repair a hernia in September 2010.  Following the surgery, he experienced severe swelling, pain, and a complication that may require removal of his right testicle.  Plaintiff alleges that over a two-year period, CCI medical staff failed to provide adequate care to treat these complications.  More specifically, Plaintiff alleges that CCI medical staff refused to perform necessary post-surgery testing and refused to perform a subsequent operation to address the complications.  Within his Complaint, Plaintiff's sole allegation concerning Defendants Mohr and Hudson provides as follows: "Gary Mohr and Stuart Hudson [k]new of the medical staff's incompetence so they are to blame for repeadly [sic] not fixing the medical problem which caused my bodily harm."  (Compl. ¶ 6, ECF No. 1-1.)  In an affidavit attached to his Complaint, Plaintiff adds that CCI medical staff called him a "liar" and accused him of "forcing [his] hernia to pop out and stay out."  (Younker Aff. 1, ECF No. 1-1.)  He further represents that in response to his repeated informal complaints, "medical staff" informed him that his lack of care was attributable to "cut backs."  (*Id*.)  He posits that Defendants Mohr and Hudson "are responsible in every way" for the medical care and treatment of all ODRC inmates.  (*Id*.)

Plaintiff brings claims against Defendants under 42 U.S.C. § 1983 relating to the medical care he received at CCI during the time of his incarceration.  He names Defendants in their personal and official capacities.  In terms of relief, Plaintiff seeks both punitive and compensatory damages.

## III.

In relevant part, Section 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be

4

subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). A Plaintiff may bring a claim against a public official in his or her official or individual capacity. As set forth above, Plaintiff seeks to bring both individual and official capacity claims against Defendants. The Undersigned addresses each type of claim in turn.

**A.     Official Capacity Claims**

Plaintiff's official capacity claims for money are barred by the Eleventh Amendment. "'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)). The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages.

5

*Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).  Thus, dismissal pursuant to § 1915(e) of Plaintiff's official capacity claims for money damages against Defendants Hudson and Mohr is appropriate.  *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same).

**B.    Individual Capacity Claims**

Plaintiff's § 1983 claims against Defendants in their individual capacity likewise fail.  A plaintiff bringing an individual-capacity claim under § 1983 "seek[s] to impose individual liability upon a government officer for actions taken under color of state law."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  To sufficiently plead a § 1983 claim, a plaintiff must allege "personal involvement" because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant Mohr and Hudson were personally involved in any violation of Plaintiff's rights.  It is not enough that because of their positions of leadership, Defendants Mohr and Hudson "are responsible in every way," (Younker Aff. 1, ECF No. 1-1), for inmates' medical care.  *See*, *e.g.*, *Dixon v. Mohr*, No. 1:12-cv-294, 2012 WL 1854295, at *4 (S.D. Ohio May 21, 2013) (dismissing § 1983 claim premised upon alleged medical indifference against the ODRC's director where the claim was based on the plaintiff's theory that the director was liable because he was the boss).

6

Nor is it enough that Defendants Mohr and Hudson "[k]new of the medical staff's incompetence," (Compl. ¶ 6, ECF No. 1-1).  Incompetence or negligence, even if it results in significant harm, does not violate the Eighth Amendment.  *See Phaneuf v. Collins*, 509 F. A'ppx 427, 431 (6th Cir. 2012) (citing *Wilson v. Seiter*, 501 U.S. 294, 296 (1991)) (no violation of the Eighth Amendment unless an official acts with a "culpable state of mind in inflicting that harm"); *Minneci v. Pollard*, 132 S.Ct. 617, 625 (2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, (1994)) (noting that a prisoner seeking to show an Eighth Amendment violation must typically demonstrate that the defendant acted with deliberate indifference); *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)) ("'[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.'").  Thus, even if the Court agreed that Defendants' alleged knowledge of the alleged medical incompetence was tantamount to personal involvement, it would not save Plaintiff's individual capacity claim.  Accordingly, dismissal pursuant to § 1915(e) of Plaintiff's individual capacity claims against Defendants Hudson and Mohr is appropriate.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted.  The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 10, 2013         /s/ *Elizabeth A. Preston Deavers*
                                Elizabeth A. Preston Deavers
                                United States Magistrate Judge